Cortland A. Johnson, J.
Following a long and strenuous litigation (see 1 Mise 2d 294, revd. 1 A D 2d 702, affd. 3 N Y 2d 554) this action appeared on the Trial Calendar of Special Term, Part II of this court on December 4, 1958. The plaintiff not appearing, the action was dismissed, for reasons set forth by the court in a written memorandum dated on that day. (16 Mise 2d 779.) Plaintiff now moves to open its default.
The case was returned to this court for the limited purposes defined by the Court of Appeals in its opinion {supra) namely, to render a judgment granting appropriate injunctive relief as directed in the opinion and to assess damages as therein defined. No testimony is required to support the judgment directed, and such a judgment may be settled on notice. The court is not inclined to open the plaintiff’s default to take proof of damages. Of course, this is not to be attributed to any supposed discourtesy on the part of plaintiff’s attorney; he has been guilty of none, and nothing in the decision of December 4, 1958 was intended to indicate any.
*827 The plaintiff, however, obviously intends to pursue the defendants with all the claims that can be devised. From the filed papers in the action it appears that on September 25, 1958, plaintiff procured leave to serve an amended complaint, to which defendants have served an amended answer containing denials and separate defenses; plaintiff also served an amended bill of particulars. Defendants protest that plaintiff is proceeding upon an entirely new theory of liability; it is certainly true that the amended complaint increased the damage claimed from $25,000 to $250,000.
I doubt that this claim is within the purview of the opinion of the Court of Appeals. I conclude that the plaintiff is (perhaps understandably) more anxious to engage the defendants in continuous litigation than they are to terminate the action. The default seems to me calculated and the motion to open it is denied except that a judgment enjoining the defendants in accordance with the opinion of the Court of Appeals and dismissing the complaint in all other respects may be settled on notice.